IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY R. E., | ) |
|     Plaintiff, | ) No. 25 C 453 |
| v. | ) Magistrate Judge M. David Weisman |
| FRANK BISIGNANO, Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Amy R. E. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverse the Commissioner's decision.

### Background

On July 4, 2022, plaintiff applied for benefits, alleging a disability onset date of June 4, 2018. (R. 77.) Her application was denied initially, on reconsideration, and after a hearing. (R. 15-26, 77-97.) Plaintiff appealed to the Appeals Council, which denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date to December 31, 2023, plaintiff's date last insured ("DLI"). (R. 17.) At step two, the ALJ found that, through the DLI, plaintiff had the severe impairments of chronic inflammatory demyelinating polyneuropathy ("CIDP") and borderline intellectual functioning. (*Id.*) At step three, the ALJ found that, through the DLI, plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. (R. 18.) At steps four and five, respectively, the ALJ found that, through the DLI, plaintiff could not perform her past relevant work but had the RFC to perform work that exists in significant numbers in the national economy, and thus she was not disabled. (R. 19-26.)

Plaintiff argues that the ALJ erred "by failing to explain why [plaintiff] would not be absent from work and off-task due to IVIG [infusion] treatments every 21 days, chronic fatigue, naps, and

2

concentration problems." (ECF 17 at 8.) The ALJ credited plaintiff's allegations that four days before her infusion for CIDP, which she receives every three weeks, she experiences worsening symptoms, like more weakness and numbness in her hands. (R. 24.) Further, though the ALJ apparently rejected the testimony, plaintiff and her father-in-law, who is her primary caregiver, testified that plaintiff suffers from migraine and severe fatigue for two days after receiving an infusion. (R. 56-57, 65-66.)

The Commissioner says the ALJ accounted for these issues in the RFC, by limiting plaintiff to light work with only frequent use of the upper extremities for fine and gross manipulation six or seven days every three weeks. (*See* R. 19); Appendix C: Components of the Definition Trailer - DOT Dictionary of Occupational Titles (last visited July 9, 2025) (defining "frequently" as an activity that exists from one-third to two-thirds of the time). But the ALJ did not identify the evidence that supports his conclusion that, despite the worsening of plaintiff's upper extremity symptoms in the four days before each injection, she could nonetheless perform fine and gross manipulation up to two-thirds of a each of those workdays. Moreover, though the ALJ apparently rejected the testimony of plaintiff and her father-in-law that she cannot work for two days after an infusion because of migraine and severe fatigue, he did not point to any evidence that supports his conclusion that on those days, plaintiff can work a full day, albeit with limited upper extremity movements. In short, the ALJ failed to build a logical bridge between the evidence and the RFC. Accordingly, the case must be remanded.

**Conclusion**

For the reasons set forth above, the Court reverses the Commissioner's decision, grants plaintiff's motion for summary judgment [ECF 17], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings.

**SO ORDERED**   ENTERED:  September 10, 2025

**M. David Weisman**
**United States Magistrate Judge**